1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SOLDAN, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>OFFICE DEPOT, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>                    Defendants. | Case No. SACV10-945 DOC (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**<br><br>Complaint Filed: May 13, 2010<br>Trial Date:        December 4, 2012 |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation To Entry Of Protective Order ("Stipulation") filed on February 14, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action), except to the extent, as set forth below, that those terms have been modified by the Court's substantive amendment of Paragraphs 1, 6, 8, 11, 12, and 14 of the Stipulation.

The parties are expressly cautioned that the designation of any information,

document, or thing as CONFIDENTIAL or other designation(s) used by parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL, or other designation(s) used by parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL, or other designation(s) used by parties, does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectible portions of the document,

shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**TERMS OF PROTECTIVE ORDER**

1. This Protective Order shall govern any designated information, **document, or thing** produced in this action, including all designated deposition testimony, interrogatory answers, documents (including, without limitation, emails produced by Office Depot, Inc. and computer and electronic files), and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery).

2. Each party shall have the right to designate as confidential and subject to this Protective Order any information, document (or portion of any document), **or thing** produced by it in this litigation which contains trade secrets or other confidential technical, business, or financial information. This designation shall be made by stamping each page of the document containing confidential information with the legend CONFIDENTIAL prior to its production or, if inadvertently produced without the legend, by furnishing written notice to the receiving party that the information or document shall be designated as CONFIDENTIAL under this Protective Order. With respect to all materials provided by one party for inspection by another party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection shall not constitute a waiver of any claim of confidentiality, and all

materials provided for inspection shall be treated as though designated as CONFIDENTIAL at the time of the inspection. Each party or non-party **who or which** designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A designating party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Counsel for a designating party shall make a good faith determination that protection is warranted before designating any discovery material CONFIDENTIAL.

If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

3. Each party and all persons bound by the terms of this Protective Order shall use any information or document designated as CONFIDENTIAL only for the purpose of prosecution, defense, **or settlement** of this action. No such party or other person shall use any information designated as CONFIDENTIAL for any purpose other than the prosecution, defense, or settlement of this action. The attorneys of record for the parties shall exercise reasonable care to insure that the information, documents, **and things** governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to persons to whom disclosure of such information and documents is authorized by this Protective Order.

4. Except as otherwise provided by written stipulation of the parties or by further order of the Court, documents, information, **or things** designated **as** CONFIDENTIAL may be disclosed only to counsel of record and their secretarial

1  and legal assistants, to the Court and its personnel, to the jury, and, on a need-to-
2  know basis only and subject to Paragraph 5 of this Protective Order, to the parties,
3  to employees of the parties, to witnesses, and to consultants and experts retained by
4  the parties or their attorneys for purposes of this litigation (including, without
5  limitation, persons engaged in the scanning, copying, and/or coding of such
6  information or documents).

7      5.    In no event shall any information or documents designated as
8  CONFIDENTIAL be disclosed to any person -- other than the parties' counsel and
9  their secretarial and legal assistants, the Court and its personnel, and the jury,
10 pursuant to Paragraph 4 of this Protective Order -- until such person has executed a
11 written confidentiality agreement acknowledging and agreeing to be bound by the
12 terms of this Protective Order, and consenting to be subject to the personal
13 jurisdiction of the United States District Court for the Central District of California
14 for any proceeding relating to enforcement of this Protective Order, in the form set
15 forth in Exhibit A hereto.

16     6.    Documents and information designated CONFIDENTIAL shall
17 include:  (a) all copies, extracts, and complete or partial summaries prepared from
18 such documents or information; (b) portions of deposition transcripts and exhibits
19 that contain or reflect the content of any such documents, copies, extracts, or
20 summaries; (c) portions of briefs, memoranda, **exhibits,** or any other writing filed
21 with the Court **under seal** that contain or reflect the content of any such documents,
22 copies, extracts, or summaries; **and** (d) deposition testimony designated in
23 accordance with Paragraph 7.

24     7.    Deposition transcripts, portions thereof, **and/or exhibits thereto** may
25 be designated as CONFIDENTIAL subject to this Protective Order either:  (1)
26 before or immediately after the testimony is recorded, in which case the transcript
27 of the designated testimony shall be bound in a separate volume conspicuously
28 labeled CONFIDENTIAL by the reporter, as appropriate; or (2) by written notice to

the reporter and all counsel of record, given within ten (10) days after the transcript is received by the witness or his counsel or by any party or its counsel, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party. The designating party shall have the right to exclude the following persons from a deposition before taking of testimony which the designating party designates as CONFIDENTIAL subject to this Protective Order: all persons except the court reporter, counsel of record, the deponent, the parties (or the designated representative of a party), and any consultant or expert retained for purposes of this litigation.

8. **Notwithstanding any other provision of this Protective Order, any information, document, or thing discussed or introduced into evidence at trial will become public absent a separate Court order upon written motion or application and sufficient cause shown.**

9. Notwithstanding any other provisions of this Order, nothing shall prohibit counsel for a party from disclosing a document, designated as CONFIDENTIAL to any employee, officer, or director of the party who produced the document or information so designated.

10. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the protected material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order.

11. **If any party seeks to file or lodge with the Court any information, document, or thing designated as CONFIDENTIAL, such material shall be submitted to the Court with an application requesting filing under seal in**

**accordance with Local Civil Rule 79-5.1.**

12. **[OMITTED BY COURT]**

13. No party is precluded from applying to the Court for an order permitting the disclosure or use of information, documents, **or things** otherwise covered by this Protective Order, or from applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any **CONFIDENTIAL** designation and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

14. With respect to any motions challenging a CONFIDENTIAL designation by either party, a party that elects to initiate a challenge to a designating party's confidentiality designation must do so in good faith and must begin the process by conferring directly by phone or in person with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the designation. A challenging party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation.

**[SUBPARAGRAPH OMITTED BY COURT]**

15. Upon final termination of this action, including all appellate proceedings, unless requested in writing by an attorney of record for the designating party to return material designated as CONFIDENTIAL to the party from whom the designated material was obtained, each party shall destroy all material designated as CONFIDENTIAL, including all copies, extracts and summaries thereof. Proof of such destruction, in the form of a declaration under oath by a person with personal

knowledge of the destruction, will be supplied by each party to all counsel of record. Notwithstanding the provisions in this paragraph, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, and correspondence or attorney work product, even if such materials contain protected material.

16. No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of this Court for good cause shown. The termination of this action shall not terminate this Protective Order.

17. This Protective Order may be amended and exceptions may be made only by written stipulation of the parties or by order of the Court for good cause shown on noticed motion. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

18. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: April 12, 2011

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

MORGAN, LEWIS & BOCKIUS LLP
BARBARA J. MILLER, SBN 167223
JENNIFER L. BRADFORD, SBN 203871
JONATHAN C. ARNETT, SBN 255135
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel:   949.399.7000
Fax:  949.399.7001
barbara.miller@morganlewis.com
jbradford@morganlewis.com
jarnett@morganlewis.com

Attorneys for Defendant
OFFICE DEPOT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SOLDAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. SACV10-945 DOC (MANx)<br><br>**EXHIBIT A TO PROTECTIVE ORDER:**<br><br>**ACKNOWLEDGEMENT OF RECEIPT OF STIPULATED PROTECTIVE ORDER AND CERTIFICATE OF COMPLIANCE**<br><br>Complaint Filed:   May 13, 2010<br>Trial Date:            December 4, 2012 |

I certify that I have received and carefully read a copy of the Stipulation to Entry of Protective Order, and Protective Order thereon, in the above-captioned case and that I fully understand the terms of the Court's Protective Order.  I recognize that I am bound by the terms of this Protective Order, and I agree to comply with those terms.  I hereby consent to the personal jurisdiction of the United States District Court for the Central District of California for any proceedings involving the enforcement of that Protective Order.

1   I declare under penalty of perjury pursuant to the laws of the United States
2   and California that the foregoing is true and correct. Executed this _____ day of
3   _____, 2011, at _____, _____.

4
5   Name:           _____
6   Affiliation:    _____
7   Business Address: _____
8   Home Address:   _____
9   Signature:      _____

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28